# UNITED STATES DISTRICT COURT
for the

## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**FILED**

JAN 21 2022

Clerk of Court, United States District Court
Ohio Northern District - CLEVELAND

CAZEMBIE S. BASKIN,

_Plaintiff(s)_
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

UNITED STATES OF AMERICA; FCI-
ELKTON WARDEN; and FCI-ELKTON
MEDICAL STAFF (NAMES UNKNOWN),
FCI-Milan Warden; FCI-Milan Doctor;
and FCI-Milan assigned P.A.,
_Defendants._

Case No. 1:22 CV 124
_(to be filled in by the Clerk's Office)_

Jury Trial: _(check one)_  ☑ Yes  ☐ No

**JUDGE BARKER**

**MAG. JUDGE BAUGHMAN**

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Mr. Cazembie S. Baskin #09665-040 |
   | Street Address | FCI-Morgantown/ P.O. Box 1000 |
   | City and County | Morgantown, W.V. |
   | State and Zip Code | 26507 |
   | Telephone Number | None (incarcerated) |
   | E-mail Address | None (incarcerated) |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | ~~United States of America~~ |
| Job or Title (if known) | U.S. Attorney's Office |
| Street Address | 801 W. Superior Ave., #400 |
| City and County | ~~Cleveland of Cuyahoga County~~ |
| State and Zip Code | Ohio, 44113 |
| Telephone Number | (216) 622-3600 |
| E-mail Address (if known) | Unknown |

Defendant No. 2

| | |
|---|---|
| Name | Mark K. Williams |
| Job or Title (if known) | FCI-Elkton Warden |
| Street Address | 8730 Scroggs Road |
| City and County | Elkton |
| State and Zip Code | Ohio, 44415 |
| Telephone Number | (330) 420-6200 |
| E-mail Address (if known) | Unknown |

Defendant No. 3

| | |
|---|---|
| Name | ~~FCI-Elkton Medical Staff (Name Unknown)~~ |
| Job or Title (if known) | FCI-Elkton P.A. |
| Street Address | 8730 Scroggs Road |
| City and County | Elkton of Columbiana County |
| State and Zip Code | Ohio, 44415 |
| Telephone Number | (330) 420-6200 |
| E-mail Address (if known) | Unknown |

Defendant No. 4

| | |
|---|---|
| Name | FCI-Elkton Doctor (Name Unknown) |
| Job or Title (if known) | Doctor of FCI-Elkton |
| Street Address | 8730 Scroggs Road |
| City and County | Elkton of Columbianna County |
| State and Zip Code | ~~Ohio, 44415~~ |
| Telephone Number | (330) 420-6200 |
| E-mail Address (if known) | ~~Unknown~~ |

**Defendant No. 5**

| | |
|---|---|
| Name | J.A. Terris |
| Job | FCI-Milan Warden |
| Street Address | 4004 East Arkona Road |
| City and County | Milan of Washtenaw County |
| State and Zip Code | Michigan, 48160 |
| Telephone Number | (734) 439-1511 |

**Defendant No. 6**

| | |
|---|---|
| Name | Dr. Shirley |
| Job | FCI-Milan Doctor |
| Street Address | 4004 East Arkona Road |
| City and County | Milan of Washtenaw County |
| State and Zip Code | Michigan, 48160 |
| Telephone Number | (734) 439-1511 |

**Defendant No. 7**

| | |
|---|---|
| Name | Unknown Assigned P.A. |
| Job | FCI-Milan Nurse Practitioner |
| Street Address | 4004 East Arkona Road |
| City and County | Milan of Washtenaw County |
| State and Zip Code | Michigan, 48160 |
| Telephone Number | (734) 439-1511 |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] FTCA Tort Civil Suit and Bivens Civil Suit    [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Filing from the denial of FTCA Civil Suit on July 16, 2021; and Bivens Civil Suit from a violation of Plaintiff's constitutional rights of the Eighth Amendment of the U.S. Constitution being deprived adequate Medical Care/ Treatment in which he suffers injury and pain & suffering is on-going to date.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

    and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

Or is incorporated under the laws of *(foreign nation)* _____

and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    Plaintiff Baskin, asserts that his FTCA Civil Suit action and Bivens Civil Suit action arises out of the negligent acts of the Federal Bureau of Prisons employees' acting within their scope of their employment. Bureau of Prisons Medical Health Care providers acting negligently to Plaintiff's serious medical needs, thus, over a period of time have caused him to have an Enlarged Liver in which

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.   Plaintiff Baskin, respectfully request to be awarded in the sum of $20 million dollars in actual damages as to Cause of Action Number One; and the $20 million dollars to each Defendant as to Cause of Action Number Two and Punitive Damages in the sum of $1.5 million dollars.
    Plaintiff Baskin, PRAYS that the Relief Sought is awarded in the case herein.

## Continuation of III. Statement of Claim

is touching his lungs and heart and on his kidneys. This is causing Mr. Baskin excruciating pain and suffering and mental and emotional trauma due to negligent acts. A surgery is required, however, the Doctor at FCI-Elkton and the P.A. assigned to Plaintiff Baskin's medical case refused to schedule a surgery for him.

The negligent acts of FCI-Elkton Warden and Medical Staff have lead to a blatant disregard for his serious medical needs and have refused to provide Plaintiff Baskin with adequate Medical Care/ Treatment in which constitutes negligent acts and also in turn violate his Eighth Amendment Rights deliberate indifference in which they are liable under a Bivens Civil Suit Action.

## First Cause of Action

Plaintiff Baskin, asserts that the United States of America through its employees are liable under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. 2671, et seq., for negligence and/ or professional malpractice in connection with the care and treatment provided to him by individual Defendants within the scope of their employment with the United States through the Federal Bureau of Prisons.

## Supporting Facts

In order to prevail on a claim for medical malpractice, three

6 | Page

elements must be demonstrated by the plaintiff: (1) the existence of a standard of care within the medical community, (2) the defendant's breach of that standard care in failing to provide treatment in conformity with that standard, and (3) proximate cause between the medical negligence and the injury. See Adams v. Kurz, 2010 Ohio 2776 (Ohio Ct. App., 2010).

(1) the existence of a standard of care within the medical community;

Plaintiff Baskin, states that he is a federal inmate, thus, he is owed the same duty of care owed to a private patient, see District of Columbia v. Mitchell, 533 A.2d 629, 648 (D.C. App. 1987); and Sloau v. Ohio Dep't of Rehab & Corr., 119 Ohio App. 3d 331, 334, 695 N.E.2d 298 (Ohio App. 1997). Consistent with Title 28 of the Federal Code of Regulations, Section 541.12, Mr. Baskin has the right to health care which includes medical and dental treatment (emphasis added). Thus, Mr. Baskin, argues that FCI-Milan and FCI-Elkton has a legal duty owed to him to provide him with medical care.

(2) the defendant's breach of that standard of care in failing to provide treatment in conformity with that standard;

Plaintiff Baskin, asserts that on December 5, 2019, he was examined by Dr. Sara Krajewski from Cleveland Clinic-Main Campus a Cleveland Clinic Hospital and an MRI of the Abdomen Without and With Contrast was done of Mr. Baskin as it was

7 | Page

noted a Clinical History: Question chronic liver or polycystic liver disease, hepatomegaly. The Result: Liver: Enlarged, measuring up to 25 cm in craniocaudal length with local mass effect on adjacent viscera. Innumerable cysts replacing most of the parenchyma, most of which are relatively simple appearing with some containing intrinsic T1 hyperintense layering proteinaceous/hemorrhagic components. No suspicious nodular or enhancing components. 8.3 x 4.7 cm mildly T2 hyperintense lesion in segment VI with discontinuous peripheral nodular enhancement, most consistent with hemangioma (4.52) (22.79).
Dr. Krajewski commented as follows: Liver disease, chronic, fibrosis suspected.

    While incarcerated at FCI-Milan Plaintiff Baskin had repeatedly requested since 2015 through 2017, for the FCI-Milan Doctor and FCI-Milan assigned P.A. to get approved for him to be taken to the outside Hospital for an MRI; Biopsy; and Entomology testing and never proscribing medications his enlarged Liver in which lead to the contraction of Polistic Liver Disease.

    Due to his Enlarged Liver has Polistic Liver Disease Plaintiff Baskin has been experiencing muscle aches; nausea; abdominal pain; and feeling shortness of breath. Plaintiff Baskin, has been denied Medical Treatment for his enlarged 25 cm Liver and has been enduring severe

pain & suffering as well as mental trauma due to FCI-Elkton Warden; Medical Doctor; and P.A.'s and FCI-Milan Warden; FCI-Milan Doctor; and FCI-Milan P.A.'s negligence, thus, a breach of that standard of care as they have failed to ensure that Mr. Baskin receives the same standard of care in which he would receive if he was a private patient in which establishes prong number Two as required under Ohio law.

(3) proximate cause between the medical negligence and the injury;

Plaintiff Baskin, contends all the federal employees listed herein had a duty to Cazembie S. Baskin consistent with 18 U.S.C. 5042 (a) (2)-(3), for the safekeeping, care, and protection of him, thus, "but-for" there federal employees' blatant negligence, thus, Mr. Baskin now suffers from that his Liver is touching his Lungs; Heart; and his Kidneys depriving him of surgery increases the risk of him having HEART FAILURE and renders him in higher probability if he contracts COVID-19 Virus he will suffer severe Illness or Death. Due his enlarged Liver in which has gone untreated for over two years to date he experience on-going muscle aches; nausea; abdominal pain; and feeling shortness of breath and the mental trauma without adequate medications for the pain and the complete denial of Medical Treatment is

due to the Defendants' negligence in which is the approximate cause of Plaintiff Baskin's injury. Thus, Plaintiff Baskin, argues that his physical and mental injuries are the proximate cause of the breach of duty by federal employees' employed for the United States acting with the scope of their duties, therefore, the United States is fact liable for their negligence in the situation herein.

## Second Cause of Action

Plaintiff Baskin, contends that FCI-Milan Warden; FCI-Milan Doctor and his assigned FCI-Milan P.A. as well as the FCI-Elkton Warden; FCI-Elkton Doctor; and his assigned FCI-Elkton P.A. was the cause of him suffering deliberate indifference to his serious medical needs in constitutes a violation of his Eighth Amendment Rights of the U.S. Constitution, thus, the Defendants' are liable in the case at bar.

## Supporting Facts

Plaintiff Baskin, asserts that when FCI-Milan Warden failed to approve for his needed MRI; Biopsy; and Entomology Testing and FCI-Milan Doctor failed to recommend and treat Mr. Baskin; and FCI-Milan assigned P.A. failed to recommend and treat Mr. Baskin, thus, from 2015-2016, with Testing; Treatment; and Medications constitutes deliberate indifference in violation of his Eighth Amendment Rights of the U.S. Constitution in which they are

liable in their individual capacity. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff Baskin, states that when FCI-Elkton Warden failed to approve Medical Treatment and failed to ensure that needed medications were provided; FCI-Elkton Doctor failed to ensure that he received needed Medical Treatment and needed Medications. FCI-Elkton assigned P.A. failed to ensure that he received Medical Treatment and Medication for his severe Enlarged Liver in which now has lead to him having Polistic Liver Disease as his liver is touching his Lungs; Heart; and Kidneys.

Plaintiff Baskin, argues firmly that as to all Defendants' within Cause of Action Number Two, thus, constitutes deliberate indifference as to his serious medical needs in which constitutes the unnecessary and wanton infliction of pain in violation of his Eighth Amendment Rights of the U.S. Constitution in the matter herein. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (emphasis added).

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01/14/2022

Signature of Plaintiff: x Cazembie S. Baskin
Printed Name of Plaintiff: Cazembre S. Baskin

### B. For Attorneys

Date of signing: 

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address