## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Cazembie S. Baskin,** | **Case No. 1:22cv00124** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | |
| **United States of America, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Cazembie S. Baskin, an inmate currently incarcerated at Federal Correctional Institution, Morgantown ("FCI Morgantown"), filed this fee-paid civil rights complaint against the following defendants: United States of America; Mark K. Williams, Warden; FCI Elkton Medical Staff; FCI Elkton Doctor; J.A. Terris, Warden; Dr. Shirley; and John Doe, P.A., nurse practitioner. (Doc. No. 1). Plaintiff alleges Defendants are liable under the Federal Tort Claims Act ("FTCA") for negligence and/or medical malpractice concerning the medical care and treatment provided Plaintiff while incarcerated. Plaintiff also alleges Defendants' deliberate indifference to his serious medical needs violated the Eighth Amendment. Plaintiff requests monetary relief.

For the following reasons, Plaintiff's complaint is dismissed.

### I. Background

Plaintiff's complaint contains very few factual allegations. As best the Court can discern, it appears that in 2019, Plaintiff was examined by a doctor at the Cleveland Clinic, who conducted an MRI of Plaintiff's abdomen and diagnosed Plaintiff with an enlarged liver and chronic liver disease. (*Id.* at 7-8). Plaintiff alleges the defendants' inadequate medical treatment "over a period

of time" caused his condition.[1] (*Id.* at 5, 11). He alleges that Defendants failed to provide certain procedures and medications, despite his repeated requests from 2015 to 2017, and this denial of appropriate medical treatment constitutes negligence. Plaintiff asserts that Defendants are liable under the FTCA for this negligence. (*Id.* at 6-10). Plaintiff also alleges that Defendants' failure to approve his "needed MRI, biopsy, and entomology testing," their failure to "recommend and treat [Plaintiff] with … testing and treatment," and their failure "to ensure that needed medications were provided" constitute deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (*Id.* at 10-11).

## II. Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 U.S. App. LEXIS 1494, at *5 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] It is not clear from the complaint whether Plaintiff alleges the defendants' purported inadequate medical treatment caused his enlarged liver (Doc. No. 1 at 5) or the defendants' purported inadequate treatment of his enlarged liver caused his chronic liver disease (Doc. No. 1 at 11), or both.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing Sistrunk, 99 F.3d at 197 (6th Cir. 1996)). The courts, however, are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

### A. Federal Tort Claims Act ("FTCA")

Plaintiff alleges in his first cause of action that the United States of America, through its employees, is liable under the FTCA for negligence and/or medical malpractice concerning the medical care and treatment provided to Plaintiff while incarcerated.

The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1). When a federal employee acts within the scope of his or her employment and commits a tort, any relief for that tort must be sought against the Government under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA"). The Federal Tort Claims Act provides the exclusive jurisdictional basis for

tort claims against the United States and its employees for actions committed in the scope of their employment.

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment.  28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued, and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate that they "shall forever be barred unless...presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed for lack of jurisdiction. *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008). This Court cannot extend the waiver of immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979). Because Section 2401(b) is a condition of the United States' waiver of immunity, it must be interpreted solely by reference to federal law.

Here, the complaint does not show that Plaintiff has properly exhausted a claim regarding the alleged negligence or medical malpractice under the FTCA. This claim must therefore be dismissed.

**B. *Bivens* Action**

In his second cause of action, Plaintiff alleges that Defendants' deliberate indifference to his serious medical needs violated the Eight Amendment. This claim arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action where plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens*). *Bivens* provides a cause of action against federal officials for certain limited constitutional violations, including an Eighth Amendment cruel and unusual punishment claim. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55, 198 L. Ed. 2d 290 (2017).

The Eighth Amendment prohibits prison officials from acting with "deliberate indifference" toward an inmate's serious medical needs. *See Estelle*, 429 U.S. at 104; *see also Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) ("Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment."). A prisoner must therefore demonstrate that (1) his medical condition posed a "substantial risk of serious harm" to him, and (2) each defendant in question acted with subjective deliberate indifference to that risk. *See Farmer*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

The objective element requires the existence of a "sufficiently serious" medical need. *Farmer*, 511 U.S. at 834. A sufficiently serious medical need has been defined as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted).

The subjective element requires "an inmate to show that prison officials have 'a sufficiently culpable state of mind in denying medical care.'" *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). To establish the requisite culpability, a prisoner must demonstrate that the prison official(s) "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010); *Brik v. McConnell*, No. 4:20-cv-1825, 2021 U.S. Dist. LEXIS 16955, at *6 (N.D. Ohio Jan. 29, 2021). "[A]n inadvertent failure to provide adequate medical care" is not "repugnant to the conscience of mankind" and is therefore insufficient to state a claim of deliberate indifference. *Estelle*, 429 U.S. at 105-106. Likewise, allegations of medical malpractice or negligent diagnosis and treatment are insufficient to state a claim. *Jennings v. Al-Dabagh*, 97 Fed.App'x. 548, 549-50 (6th Cir. 2004).

## 1. United States of America

As an initial matter, Plaintiff cannot bring a *Bivens* claim against the United States or its agencies.  The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). In most cases, Congress defines the exact terms and conditions upon which the United States, its agencies, and its employees may be sued. The terms of the consent define the parameters of federal court jurisdiction to entertain suits brought against the United States government. *United States v. Orleans*, 425 U.S. 807, 814, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976); *Honda v. Clark*, 386 U.S. 484, 501, 87 S. Ct. 1188, 18 L. Ed. 2d 244 (1967). And the United States has not waived sovereign

immunity for claims asserted under *Bivens*. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities); *Flonery v. United States*, No. 4:17-cv-1068, 2018 U.S. Dist. LEXIS 122553, at *8 (N.D. Ohio July 23, 2018).

Plaintiff's *Bivens* claim against the United States of America therefore fails.

### 2. Warden Terris, Dr. Shirley, and John Doe, P.A.

Plaintiff alleges that while incarcerated at Federal Correctional Institution, Milan ("FCI Milan"), the defendants employed at FCI Milan ("FCI Milan defendants") violated his Eighth Amendment rights. Specifically, Plaintiff alleges that Warden Terris "failed to approve … his needed MRI, biopsy, and entomology testing," and Dr. Shirley and John Doe, P.A. "failed to recommend and treat [Plaintiff] … with testing, treatment, and medications." (Doc. No. 1 at 10). Plaintiff claims such action constitutes deliberate indifference. The Court finds that the Northern District of Ohio is not the proper venue for these claims.

A civil action may be brought only in: (1) a judicial district where any defendant resides, if all Defendants reside in the state in which the Court is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). The events in the complaint concerning Terris, Shirley, and Doe occurred in FCI Milan, which is located within the Eastern District of Michigan. Defendants presumably reside in Michigan. Therefore, the Eastern District of Michigan is the proper venue for Plaintiff's claims against the FCI Milan defendants.

### 3. Warden Willaims, FCI Elkton Medical Staff, and FCI Elkton Doctor

Plaintiff asserts the same *Bivens* claims against the defendants employed at FCI Elkton ("FCI Elkton defendants"). He alleges that Warden Williams failed to approve medical treatment and failed to ensure that medications were provided. He also alleges that the FCI Elkton doctor and the "FCI Elkton assigned P.A." failed to ensure that Plaintiff received "needed medical treatment and needed medications." (Doc. No. 1 at 11).

Even assuming Plaintiff's allegations are sufficient to demonstrate that he has a serious medical need or condition, he has not alleged facts sufficient to demonstrate that any defendant was "deliberately indifferent" to that need. The complaint indicates that Plaintiff received treatment at the Cleveland Clinic and was diagnosed with an enlarged liver and chronic liver disease. It appears that Plaintiff believes some testing and additional medication should have been provided over the years of his incarceration to address his condition, perhaps prevent his condition from worsening, and alleviate some of his pain. Plaintiff, however, has not alleged facts plausibly suggesting that any defendant subjectively "drew the inference that a substantial risk of harm" to him existed in connection with his condition—in the absence of additional testing or otherwise— or that they consciously disregarded a serious risk to his health. It is well-established that a prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 Fed.App'x. 434, 440 (6th Cir. 2008); *Ward v. Smith*, No. 95-6666, 1996 U.S. App. LEXIS 28322, 1996 WL 627724 (6th Cir. Oct. 29, 1996) ("differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference

claim"). Plaintiff has not alleged facts plausibly suggesting any defendant had the subjective state of mind necessary to support a constitutional "deliberate indifference" claim.

Additionally, Plaintiff has not alleged facts suggesting that Warden Williams was personally involved in or responsible for his medical care. Plaintiff alleges that the warden failed to approve medical treatment and failed to ensure that medications were provided. At most, Plaintiff's allegations suggest he seeks to impose liability on the warden on the basis of his supervisory authority over prison medical staff. Prison officials, however, cannot be liable for constitutional deprivations of subordinates where their only alleged conduct is failing to intervene on a prisoner's behalf. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, liability cannot be imposed on a supervisory official for constitutional violations of subordinates solely on the basis of *respondeat superior*. *Okoro v. Scibana*, 63 Fed.Appx. 182, 184 (6th Cir. 2003).

Plaintiff therefore fails to state a deliberate indifference claim against the FCI Elkton defendants.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

          s/*Pamela A. Barker*
          PAMELA A. BARKER
Date:  April 28, 2022          U. S. DISTRICT JUDGE