IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CAZEMBIE S. BASKIN,** | Case No.: 1:22-cv-00124 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Before the Court are pro se Plaintiff Cazembie S. Baskin's ("Baskin") Motion for Leave to File Amended FTCA Civil Suit and Request to Stay Scheduling Order, both filed on March 29, 2024. (Doc. Nos. 38, 39.) Defendant United States of America ("the Government") did not file a response to either document.

**I.      Procedural History**

Baskin is a federal prisoner currently housed at Federal Correctional Institution ("FCI"), Marion, in Illinois. He was previously incarcerated at FCI-Milan in Michigan and FCI-Elkton in Ohio. On January 1, 2022, Baskin filed a pro se Complaint against the wardens and medical staff of FCI-Milan and FCI-Elkton generally alleging that they "deprived [him] [of] adequate medical care [and] treatment." (Doc. No. 1, PageID# 4.) Specifically, Baskin alleges that he has an enlarged liver, which the institutions' medical staff negligently failed to treat. (*Id*. at PageID# 6.) Baskin asserts two causes of action in his Complaint: the first is under the Federal Tort Claims Act ("FTCA") for "negligence and/or professional [medical] malpractice," and the second is under the Eighth Amendment for deliberate indifference to a serious medical need. (*Id*. at PageID# 6, 10.)

On April 28, 2022, the Court dismissed both of Baskin's causes of action. (Doc. No. 5.) Relevant here, it dismissed his first cause of action under the FTCA because he did not show that he "properly exhausted a claim regarding the alleged negligence or medical malpractice under the FTCA." (*Id*. at PageID# 26.)

On June 6, 2022, Baskin filed what the Court construed as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). (Doc. No. 7.) In the Motion, Baskin argued that the Court should not have dismissed his FTCA cause of action because he properly exhausted his remedies, proof of which he attached to his Motion. (Doc. Nos. 7, 7-1.) On June 9, 2022, the Court granted Baskin's Motion and permitted him to proceed with his claim under the FTCA. (Doc. No. 8.)

On September 2, 2022, the Government filed an Answer to Baskin's Complaint. (Doc. No. 11.) Four days later, the Government filed a Partial Motion to Dismiss Baskin's claims against the medical staff at FCI-Milan because he did not exhaust his administrative remedies for any alleged negligence at FCI-Milan. (Doc. No. 12-1, PageID# 61.) Baskin did not oppose the Government's Motion. On November 3, 2022, the Court granted the Government's Motion and dismissed Baskin's claims about his care at FCI-Milan under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18.)

On November 28, 2022, the Court held a Case Management Conference and set case deadlines. (Doc. Nos. 21, 22.) During the Case Management Conference, Baskin told the Court that he did not receive the Government's Partial Motion to Dismiss. (Doc. No. 21.) Therefore, the Court permitted Baskin until January 6, 2023, to file an opposition. (*Id*.) Baskin timely filed an Opposition. (Doc. No. 23.) The Government then timely filed a Reply in support of its Motion. (Doc. No. 25.) On February 7, 2023, the Court issued an Opinion reaffirming its previous decision to dismiss

Baskin's claims against the medical staff at FCI-Milan. (Doc. No. 26.) Baskin's FTCA claim against the medical staff at FCI-Elkton remains pending.

Meanwhile, on January 6, 2023, Baskin filed a Motion Requesting Pro Bono Counsel. (Doc. No. 24.) On February 22, 2023, Baskin filed the necessary Affidavit of Need for pro bono counsel. (Doc. No. 28.) The Court found Baskin pro bono counsel and appointed them to represent him on April 19, 2023.

On June 1, 2023, the Court held a status conference with Baskin's new pro bono counsel and counsel for the Government. (Non-Document Minutes of Proceedings dated June 1, 2023.) Given the recent appointment of counsel for Baskin, the Court amended the case deadlines. (*Id*.) Particularly, the Court set June 30, 2023, as the deadline to amend the pleadings and add new parties without leave of Court. (*Id*.) At the parties' requests, the Court amended the discovery deadlines three times. (Non-Document Orders dated September 21, 2023; November 21, 2023; and January 3, 2024.) On February 16, 2024, the parties filed a Joint Motion for Conference/Hearing and Request to Stay Deadlines. (Doc. No. 36.) The Court granted a temporary stay of the case deadlines and set a status conference for February 22, 2024. (Non-Document Order dated February 16, 2024.)

At the status conference, Baskin's counsel explained that they had deposed a "world renown liver specialist," and the opinions he expressed during his deposition created a conflict between Baskin and them such that they needed to withdraw from representing Baskin. (Non-Document Minutes of Proceedings dated February 22, 2024.) The Court set a deadline for Baskin's counsel to file a motion to withdraw, which they timely filed on February 26, 2024. (Doc. No. 37.) On March 5, 2024, the Court granted the Motion to Withdraw and reset the case deadlines. Specifically, the Court set April 4, 2024, as the deadline for Baskin to exchange his expert report; April 25, 2024, as

3

the deadline for the Government's responsive expert report; May 27, 2024, as the deadline for the completion of expert discovery; and June 3, 2024, as the deadline for filing dispositive motions. (Non-Document Order dated March 5, 2024.)

On March 29, 2024, Baskin filed the instant Motion for Leave to File Amended FTCA Civil Suit and Request to Stay Scheduling Order. (Doc. Nos. 38, 39.) In his Motion for Leave, Baskin writes that "through the aid of Attorney Andrea M. Hall of The Hall Law Office, LLC, thus, Medical Expert will be secured to provide a Medical Expert Report based upon the colorable claims raised within his attached Proposed Amended FTCA Civil Suit Complaint." (Doc. No. 38, PageID# 214.) The Court understood this to mean that Attorney Hall had agreed to represent Baskin. The Court therefore set April 30, 2024, as the deadline for Attorney Hall to file a notice of appearance and any request to supplement Baskin's pro se filings. (Non-Document Order dated April 16, 2024.)

On April 22, 2024, Baskin filed a document clarifying that Attorney Hall's assistance is limited to "securing a Medical Expert Witness" and that she will not be representing Baskin. (Doc. No. 40, PageID# 290.) Baskin then reiterated his request for the Court to grant him leave to amend his Complaint and to stay the case deadlines. (*Id*. at PageID# 291.)

The Government did not respond to Baskin's Motion for Leave nor his Request to Stay Scheduling Order.

II.  **Allegations in Proposed Amended Complaint**

In his Proposed Amended Complaint, Baskin sets forth the following allegations. (Doc. No. 38-1.)

4

Clinical Director J. Dunlop and Dr. Kathy McNutt at FCI-Elkton "fail[ed]" to timely "[r]efer and [d]iagnose" Baskin's liver disease. (*Id*. at ¶ 14.) The Cleveland Clinic Hospital "fail[ed]" to conduct a liver biopsy to determine "the type of liver disease" and "a treatment plan." (*Id*.)

Director Dunlop and Dr. McNutt "failed to provide timely follow-up care" for Baskin's "enlarged liver and liver cysts." (*Id*.) They along with Physician Assistant J. Barnes and others "failed to provide treatment for Baskin's enlarged liver, liver cysts, and Polcystic Liver Disease" and they "fail[ed] to provide prescribed medication to decrease [Baskin's] pain and suffering" from July 26, 2019, to sometime in 2021. (*Id*.)

Director Dunlop and Dr. McNutt also "failed to take timely and appropriate steps to protect" Baskin's "health and well-being." (*Id*.) They further "failed to timely and appropriately order and obtain diagnostic studies" and "failed to timely and appropriately obtain, interpret, and act upon [Baskin's] medical history and physical findings." (*Id*.) Finally, they "failed to advise Baskin of his right to get a second opinion consultation and diagnosis" after the Cleveland Clinic Hospital diagnosed Baskin with liver disease on June 11, 2020. (*Id*.)

Due to the Government's alleged negligence, Baskin's "Polycystic Liver Disease was allowed to progress" such that he "likely" requires a liver transplant. (*Id*. at ¶ 15.)

### III. Law and Analysis

#### A. Motion for Leave to Amend Complaint

Since Baskin asks to amend his Complaint after the deadline in the Court's scheduling order, his Motion implicates both Federal Rule of Civil Procedure 15 and Federal Rule of Civil Procedure 16. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 15 provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But Rule 16 provides

that a court "must issue a scheduling order" that "limit[s] the time to . . . amend the pleadings." Fed. R. Civ. P. 16(b)(1) & (b)(3)(A). Modifying that scheduling order requires "good cause" and "the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, to amend his Complaint, Baskin must first show "good cause" for his failure to comply with Court's scheduling order. *Leary*, 349 F.3d at 907. He can do this by "showing that despite [his] diligence [he] could not meet the original deadline." *Id*. The Court must also consider whether the Government will suffer "prejudice" if it grants Baskin's Motion for Leave to Amend. *Id*. at 909.

Baskin does not address Rule 16's good cause standard in his Motion. He generally argues that his pro bono counsel refused to file an amended complaint after he "urged them [to do so] on his behalf." (Doc. No. 38, PageID# 213.) And he contends that an amendment is now necessary so that he can "secure[]" a new medical expert to provide a medical expert report. (*Id*. at PageID# 214.) For the following reasons, the Court denies Baskin leave to amend his Complaint.

First, Baskin's proposed amended allegations do not meaningfully differ from those in his Complaint. In there, Baskin alleges that the medical staff at FCI-Elkton refused to provide him the medical treatment he required. (Doc. No. 1, PageID# 6.) He alleges that a doctor at the Cleveland Clinic examined him on December 5, 2019, noted that he had an enlarged liver, and suspected that he had "liver disease, chronic, fibrosis." (*Id*. at PageID# 8.) He further alleges that this diagnosis went "untreated for over two years," during which time he experienced "muscle aches, nausea, abdominal pain, . . . shortness of breath, and . . . mental trauma. (*Id*. at PageID# 9.) Baskin's proposed amended allegations are more specific in that they name the clinical director and doctor at FCI-Elkton that he alleges are responsible. Otherwise, they detail the medical staff's same alleged failure to timely and appropriately treat Baskin's enlarged liver. Stated succinctly, Baskin's proposed amended allegations

6

are not "amendments" at all. *See, e.g., Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (affirming district court's denial of a motion to amend where the plaintiff's prior complaint "detailed [the] same allegations" as the plaintiff's proposed amended complaint).

Second, granting Baskin leave to amend at this stage will prejudice the Government. In his Motion, Baskin writes that his proposed amendments are "necessary to secure a Medical Malpractice Expert Witness to submit an Expert Report." (Doc. No. 38, PageID# 213.) But Baskin does not explain why an amended complaint is necessary for him to find an expert witness. Moreover, the deadline for him to provide the Government his expert report was April 4, 2024. That deadline has passed, and there is no indication on the docket that Baskin has complied with that deadline. Where courts have granted leave to amend complaints based on expert depositions, the plaintiffs sought leave to amend *after* a deposition which provided the factual basis for the amendment. *See, e.g., Shaw v. City of Dayton*, 2015 U.S. Dist. LEXIS 192916 at *8-9 (S.D. Ohio Dec. 18, 2015) (granting leave to amend where the plaintiff "diligently pursued discovery and promptly moved for leave [to amend] after discovery of the facts supporting amendment"); *Lacer v. Toyota of Bowling Green*, 2018 U.S. Dist. LEXIS 189662 at *7 (W.D. Ky. Nov. 6, 2018) (granting leave to amend where the plaintiff moved to amend her complaint "within a reasonable amount of time after acquiring the information" that supported an additional claim).

Here, Baskin seeks to do the opposite. He asks to amend his Complaint so that he will have additional time to find an expert witness that will provide an opinion that supports his amended allegations. Since discovery closed on February 16, 2024, and expert discovery will close on May 27, 2024, the Court concludes that granting Baskin leave to amend at this late stage will prejudice the Government. *See Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("At least one

Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree."); *Pride v. BIC Corp.*, 218 F.3d 566, 579 (6th Cir. 2000) (finding no good cause where the plaintiff sought to reopen discovery to cure an alleged deficiency in expert testimony). Accordingly, the Court denies Baskin leave to amend his Complaint.

### B. Motion to Stay Scheduling Order

Baskin also moves to stay the Court's scheduling order pending resolution of his Motion for Leave to Amend. (Doc. No. 39.) District courts have the inherent power to stay proceedings. *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). This includes "broad discretion and power to limit or stay discovery until preliminary questions are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005). Like a motion to amend, a party seeking a stay of discovery must show "good cause." *Bowens v. Columbus Metro. Library Bd. of Trs.*, 2010 U.S. Dist. LEXIS 103399 at *2 (S.D. Ohio Sep. 16, 2010) (citing Fed. R. Civ. P. 26(c)).

Baskin's Motion to Stay repeats the same arguments he makes in his Motion for Leave to Amend. Therefore, for the same reasons explained above, the Court concludes that Baskin has failed to show good cause and, accordingly, denies his Motion to Stay.

### IV. Conclusion

For the foregoing reasons, the Court denies Baskin's Motion for Leave to File Amended FTCA Civil Suit and Request to Stay Scheduling Order. (Doc. Nos. 38, 39.)

**IT IS SO ORDERED.**

Dated: May 23, 2024  *s/ Pamela A. Barker*
PAMELA A. BARKER
UNITED STATES DISTRICT JUDGE