IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Cazembie S. Baskin,** | Case No. 1:22-cv-00124-PAB |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| United States of America, et al. | MEMORANDUM OPINION & ORDER |
| **Defendants** | |

Currently pending is Plaintiff Cazembie S. Baskin's Application to Proceed Without Prepayment of Fees and Affidavit. (Doc. No. 48.) For the following reasons, Plaintiff's Application is DENIED.

**I.      Relevant Procedural History**

Plaintiff is a prisoner in a correctional institution. On January 21, 2022, Plaintiff filed a pro se Complaint alleging negligence and medical malpractice concerning medical care and treatment provided to him while incarcerated. (Doc. No. 1.) On the same date, Plaintiff filed a Motion to Proceed *in forma pauperis*. (Doc. No. 2.) On March 1, 2022, Plaintiff was ordered to pay the full filing fee or to complete and submit a Financial Application, including a certified copy of his prisoner account statement, if he did not have sufficient funds in his account to pay the entire fee at once. (Doc. No. 3.)  On March 16, 2022, Plaintiff paid the full filing fee. *See* Docket Entry dated March 16, 2022.

On April 28, 2022, the Court dismissed this action pursuant to 28 U.S.C. § 1915A. (Doc. Nos. 5, 6). On June 9, 2022, the Court granted Plaintiff's Motion to reopen and ordered the case to proceed solely on Plaintiff's claim under the Federal Tort Claims Act. (Doc. No. 8.)  Following

several status conferences, the Court granted Plaintiff's request to appoint pro bono counsel. *See* Order [non-document] dated February 22, 2023. Following additional status conferences, the Court permitted pro bono counsel to withdraw. *See* Order [non-document] dated March 5, 2024.

On August 20, 2024, the Court granted Defendant's Motion for Summary Judgment and terminated the case. (Doc. Nos. 45, 46.) On October 18, 2024, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit Court and an Application to Proceed Without Prepayment of Fees and Affidavit ("Plaintiff's Application"). (Doc. Nos. 47, 48.) On October 23, 2024, the Sixth Circuit acknowledged receipt of Plaintiff's Notice of Appeal. *See* Docket Entry dated October 23, 2024.

## II. Law and Analysis

Fed. R. App. P. 24(a)(1) provides as follows:

Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(3) provides as follows:

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

(B) a statute provides otherwise.

Here, the Court did not previously permit Plaintiff to proceed *in forma pauperis* in this action. As stated, Plaintiff paid the full filing fee on March 16, 2022. Therefore, Plaintiff was required to file a motion with the Court. However, the Court finds that Plaintiff's Application does not comply with Fed. R. App. P. 24(a)(1)(A). Specifically, Plaintiff's Application is a partially completed Form AO 240. (Doc. No. 48.) The version of Form AO 240 that Plaintiff has utilized was last revised in September 1996. (Doc. No. 48, p. 1.) That version does not contain sufficient information to show Plaintiff's "inability to pay or give security for fees and costs . . . in the detail prescribed by Form 4 of the Appendix of Forms" Fed. R. App. P. 24(a)(1)(A). Plaintiff should have instead completed and filed Form AO 239 (Rev. 01/15) entitled "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," which is available on the Court's website. Form AO 239 (Rev. 01/15) further requires Plaintiff to "attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [his] institutional accounts."

The Court also finds that Plaintiff's Application does not comply with Fed. R. App. R. 24(a)(1)(C). Specifically, Plaintiff's Application does not state the issues he intends to present on appeal.

### III. Conclusion

Accordingly, Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 48) is DENIED. If Plaintiff intends to proceed with his appeal, he must, within thirty days of the date of this Order, either pay the filing fee or file a motion in the United States Court of Appeals

for the Sixth Circuit for leave to proceed on appeal *in forma pauperis* as set forth in Federal Rule of Appellate Procedure 24(a)(5).

**IT IS SO ORDERED.**

Dated: October 25, 2024                                      *s/Pamela A. Barker*
                                                                                         PAMELA A. BARKER
                                                                                         UNITED STATES DISTRICT JUDGE